UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEAN JACKSON and RAYMOND
JACKSON,

      Plaintiffs,

v.                          Case No: 2:12-cv-535-FtM-29DNF

ASIAN-PACIFIC INVESTMENTS,
INC., WOLF EKKEHARD AST,
RUDOLF WALCHER, and MIGUEL
E. BASCOPE NOGUERA d/b/a
International Project Law
Real Estate,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court upon review of *pro se* plaintiffs' Motion for Entry of Judgment (Doc. #39), filed on March 4, 2014. No responses have been filed and the time to do so has expired. Defendants Asian-Pacific Investments, Inc. and Wolf Ekkehard Ast were dismissed with prejudice; however, the Clerk was directed to withhold entry of judgment until the conclusion of the case. (Doc. #25.)

## I.

On September 26, 2012, plaintiffs Sean Jackson and Raymond Jackson filed a Complaint for Damages arguing: Fraud, Conspiracy to Commit Fraud, Violation of Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1961, Breach of Fiduciary Duty and

Covenant of Good Faith and Fair Dealing, and Demand for Jury Trial (Doc. #1)(Complaint) against Asian-Pacific Investments, Inc. (Asian-Pacific), Wolf Ekkehard Ast (Wolf Ast), Rudolf Walcher (Walcher), and Miguel E. Bascope Noguera (Noguera). A Clerk's Entry of Default (Doc. #35) was entered against Walcher and Noguera due to their failure to respond. Therefore, pursuant to Fed. R. Civ. P. 55(a), plaintiffs have fulfilled the necessary prerequisite for entry of default judgment.

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted).

Deeming all facts in the Complaint as admitted, beginning in February 2006, defendant Walcher intentionally misrepresented that he was the sole owner of 10 acres of beach front property on the Bay of Salinas, in San Juan del Sur, Nicaragua (the property), enticing plaintiffs to enter into a joint development agreement. (Doc. #1, ¶¶ 16-18.)  In fact, Walcher did not purchase the

property until April 2006, and used funds provided by Asian-Pacific and Wolf Ast. (Id.) Based on Walcher's representation that he was the sole owner, the parties entered into joint development partnership agreement in May 2006. (Id.) According to the agreement, Walcher would provide the property and the Jacksons would develop and market the property until $1,000,000.00 was paid to Walcher with the remainder going to the Jacksons. (Id. ¶ 17.) Subsequent agreements were made between the parties extending the deadline for repayment of the $1,000,000.00. (Id. ¶¶ 18-22.)

In December 2009, Walcher contacted the Jacksons and revealed for the first time his partnership with Asian-Pacific and Wolf Ast. (Id. ¶ 22.) Walcher and Noguera presented the Jackson's with another agreement (Agreement 3) claiming its sole purpose was to extend the deadline for payment of the $1,000,000.00 to February, 2010. (Id.) Walcher and Noguera intentionally concealed the existence of a power of attorney provision and the consequences thereof. (Id.) Walcher also failed to inform the Jackson's that pursuant to Asian-Pacific and Wolf Ast's instructions, no further extensions would be made. (Id.) In reliance on the representations of both Walcher and Noguera, the Jacksons executed Agreement 3. (Id.) As a result of defendants' intentional misrepresentations, plaintiffs suffered $1,700,000.00 in damages. (Id. ¶ 27.)

## II.

Prior to entering a default judgment, the court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (per curiam) (unpublished).  Where a complaint fails to state a claim, a default judgment on the complaint may not stand.  United States v. Kahn, 164 F. App'x 855, 858 (11th Cir.2006) (per curiam) (unpublished).

### A.   RICO Claim

In Count I, plaintiffs allege a violation of the Racketeer Influenced and Corrupt Organizations (RICO) statute asserting defendants intentionally defrauded them by using email and telephone communications in violation of 18 U.S.C. § 1343.

To state a claim under the civil RICO statutes, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Langford v. Rite Aid of Ala., Inc., 231 F.3d 1308, 1311 (11th Cir. 2000).  A "pattern of racketeering activity" consists of "at least two acts of racketeering activity . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity."  18 U.S.C. § 1961(5) (2006).  Consequently, a well-pleaded civil RICO claim "must allege facts sufficient to support

- 4 -

each of the statutory elements for at least two of the pleaded predicate acts." <u>Republic of Pan. v. BCCI Holdings (Lux.) S.A.</u>, 119 F.3d 935, 949 (11th Cir. 1997).  A predicate act could be any act indictable under certain enumerated statutes.  18 U.S.C. § 1961(1) (2006).

Among these enumerated statutes is 18 U.S.C. § 1343 (Wire Fraud).  In order to establish wire fraud, a plaintiff must establish: (1) defendants' intentional participation in a scheme to defraud (2) the plaintiffs of money or property (3) using interstate mails and wires in furtherance of the scheme (4) resulting in plaintiffs' injury (5) that can be quantified as a specific amount of damages.  <u>See</u> 18 U.S.C. § 1343.  "A scheme to defraud requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property." <u>United States v. Maxwell</u>, 579 F.3d 1282, 1299 (11th Cir. 2009) (citing <u>United States v. Svete</u>, 556 F.3d 1157, 1161, 1169 (11th Cir. 2009)).

Plaintiffs' RICO claim arises from the allegations that defendants, through emails and telephone communications with plaintiffs, intentionally: (1) pretended to own real property owned by another in order to entice plaintiffs into a development agreement; (2) created a partnership with the plaintiffs without revealing the true identities of the parties and the extent of their control; (3) intentionally  misrepresented the nature of

Agreement 3, concealing the power of attorney and their intention to terminate the agreement.  (Doc. #1, ¶ 25.)  Upon review of the Complaint, the Court finds that the allegations are sufficiently pled to support a default judgment against defendants as to Count I.

    **B.**   **Damages**

For plaintiffs able to prove elements of a substantial RICO claim, § 1964 details civil remedies available, and provides that a person injured in business or property may sue for treble damages, cost of suit, and attorney fees.  To sustain a claim for treble damages plaintiff in a RICO action must prove a RICO violation, injury to business or property, and that the violation caused the injury.  <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1579 (11th Cir. 1991).

By Declaration in Support of Request for Entry of Judgment (Doc. #39-2), plaintiff Raymond Jackson attests that they have suffered damages totaling $444,400.00.[1]  (<u>Id.</u> ¶ 26.)  More specifically, Raymond asserts the following damages:  (1) $240,000.000 for the loss of five beach front lots (<u>id.</u> ¶ 21); (2) $59,800.00 for the loss of the investment in infrastructure (<u>id.</u> ¶ 22); (3) $34,600.00 for the lost benefits of permits, maps, and

---

[1] The Court notes that although plaintiff Raymond's affidavit alleges a total amount of $444,400.00 in damages (Doc. #39-2, ¶ 26), the actual damages alleged total $684,400.00.  (<u>See</u> <u>id.</u> ¶¶ 21-24.)

advertising (id. ¶ 23); (4) $140,000 for the loss of condominium lot A (id. ¶ 24); (5) $15,000 for the loss of condominium lot B (id. ¶ 24); $195,000.00 for the loss of the remaining 13 condominium lots (id. ¶ 24). Sean Jackson also filed a Declaration in Support of Request for Entry of Judgment (Doc. #39-1) concurring with the total damages claimed in the declaration of Raymond Jackson. (Id. ¶ 6.) Accordingly, the Court finds plaintiffs' actual damages total $684,400.00.

Plaintiffs seek three times the amount of damages they have suffered pursuant to 18 U.S.C.A. § 1964. The Court finds plaintiffs have sufficiently alleged that defendants caused injury to plaintiffs' business as required for an award of treble damages. Thus, an award of treble damages in the amount of $2,053,200.00 is appropriate. Although plaintiffs also request attorney's fees and costs, the *pro se* plaintiffs are not entitled to attorney's fees and no evidence of costs were included in the plaintiffs' affidavits. See Kay v. Ehrler, 499 U.S. 432, 434-435 (1991).

### C. Shotgun Pleading

Counts II-IV incorporate by reference all of the allegations from each count into each subsequent count. (Doc. #1, pp. 11, 12, 14.) "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations

and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear,</u> <u>Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).  The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." <u>Cramer v. Florida</u>, 117 F.3d 1258, 1263 (11th Cir. 1997).  <u>See</u> <u>also</u> <u>Davis v. Coca-Cola</u> <u>Bottling Co. Consol.</u>, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases).  Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed.  <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1130 (11th Cir. 2001).  Therefore, the Court will dismiss Counts II-IV because it is a shotgun pleading.

Accordingly, it is hereby

**ORDERED:**

1.  *Pro se* Plaintiffs' Motion for Entry of Judgment (Doc. #39) is **GRANTED in part and DENIED in part** as follows:

    A.  A default judgment is granted as to Count I in favor of plaintiffs;

    B.  Counts II through IV are dismissed without prejudice as a shotgun pleading.

    C.  Plaintiffs are awarded actual damages in the amount of $684,400.00, plus statutory treble damages in

the amount of $2,053,200.00 against defendants Rudolf Walcher and Miguel E. Bascope Noguera.

2.   The Clerk shall enter judgment as provided in paragraph 1, and also dismiss defendants Asian-Pacific Investments, Inc. and Wolf Ekkehard Ast with prejudice.

3.   The Clerk is further directed to terminate all remaining motions, deadlines, and to close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of November, 2014.


_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies:
Plaintiffs
Counsel of Record